UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE LEE, <br><br> Plaintiff, <br><br> v. <br><br> TOWNSEND FARMS, INC., PURELY POMEGRANATE, INC., FALLON TRADING CO., INC. and UNITED JUICE CORP., <br><br> Defendant. | Case No. 1:13-cv-00388-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Purely Pomegranate, Inc.'s Motion for Attorney Fees. Dkt. 85. For the reasons stated below, the Court will deny the motion.

## BACKGROUND

This action was one of nine national class actions brought against Townsend Farms, Inc. alleging that the company was negligent in importing, manufacturing, distributing, and selling a food product that was contaminated with the hepatitis A Virus. *See Complt.*, Dkt. 1-3. Defendant Purely Pomegranate, Inc. was added in the First Amended Complaint for allegedly providing Townsend with pomegranate seeds present in the contaminated product. *See First Am. Complt.* ¶ 1.3. Dkt. 1-4. Counsel for Plaintiff

Leslie Lee brought all nine actions, but Lee was only named in the action before this Court. *See Pl. Response* at 4, Dkt. 87.

Earlier in this litigation, named plaintiffs in all nine actions and three defendants, including Purely Pomegranate, moved to transfer all actions to the United States Judicial Panel on Multidistrict Litigation (MLD) for pretrial proceedings. *See Joint Motion for Transfer and Coordination or Consolidation*, Dkt. 61. The MLD panel denied consolidation, and Purely Pomegranate filed a motion to dismiss this action for lack of personal jurisdiction. Dkt. 77.

In response, Lee moved to voluntarily dismiss this action (Dkt. 78), which was granted by the Court. *July 21, 2014 Order,* Dkt. 82. Since this action was dismissed, plaintiff's counsel has filed a third amended complaint in the class action pending in the United States District Court for the Central District of California, adding Lee as a named plaintiff in that action. *See Peterson v. Townsend, et al.*, Case No. SA CV-13-01292-DOC (JCGx); *Pl. Response* at 3, Dkt. 87.

When granting Plaintiff's motion to voluntarily dismiss, the Court provided that Defendants may file a motion for costs and fees. *July 21, 2014 Order,* Dkt. 82. Defendant Purely Pomegranate filed the instant motion seeking attorney fees and costs under Federal Rule of Civil Procedure 41(d). Dkt. 85.

## ANALYSIS

Federal Rule of Civil Procedure 41(d) provides that:

If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

The decision whether to impose costs is within the discretion of the trial court. Wright & Miller, *Federal Practice and Procedure* § 2375 (3d ed. 2008). The purpose of the rule is to prevent the maintenance of vexatious law suits and to secure, where such suits are shown to have been brought repetitively, payment of costs for prior instances of such vexatious conduct." *United Transp. Union v. Maine Central R.R.,* 107 F.R.D. 391, 392 (D.Me. 1985).

Although the award of attorney fees under this provision is discretionary, the language of Rule 41(d) suggests that that discretion should be exercised by the court with jurisdiction over the pending action—here the United States District Court of the Central District of California. Rule 41(d) states that the court may order costs of that previous action *and* may stay the proceedings. A plain reading of this rule shows that the court with the power to order costs is the same court with the power to stay proceedings. This court has no power to stay proceedings pending in the Central District of California.

The Court has found no case suggesting that it is the court presiding over the dismissed action which should award costs under Rule 41(d). In fact, all cases found by the Court and cited by Purely Pomegranate point to the opposite conclusion. *See e.g.*, *Esquivel v. Arau,* 913 F. Supp. 1382 (C.D. Cal. 1996) (Rule 41(b) motion considered by court presiding over pending action); *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117 (E.D. Cal. 2010)(same); *Lloyd v. Pacificorp*, No. CV-09-360-ST, 2009 WL 2392993 (D. Or.

July 31, 2009) (same); *Bran v. Sun Pac. Farming Coop.*, No. CVF 06-0871 LJO TAG, 2007 WL 781865 (E.D. Cal. Mar. 13, 2007) (same).

Additionally, the Court is not persuaded that Rule 41(d) allows for the award of attorney fees as requested here. The Ninth Circuit has yet to address this issue, and courts that have addressed this issue are split. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000)(finding attorney fees are unavailable under Rule 41(d)); *but see Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980)(affirming an award of attorney fees under Rule 41(d)); *Esquivel v. Arau*, 913 F. Supp. 1382, 1391 (C.D. Cal. 1996)(awarding attorney fees under Rule 41(d)). The Court agrees with the Sixth Circuit's reasoning in *Rogers*. "Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing. Further, the law generally recognizes a difference between the terms 'costs' and 'attorney fees'…we must assume that Congress was aware of the distinction and was careful with its words when it approved Rule 41(d)." *Rogers*, 230 F.3d at 874. This is especially true when looking at Rule 41(d) in context, as other provisions of the Federal Rules expressly provide for the award of attorney fees. *See Fed. R. Civ. P.* 30(g)(2), 37(a)(4), 37(c), 37(d), 56(g).

## ORDER

**IT IS ORDERED:**

Defendant Purely Pomegranate Inc.'s Motion for Attorney Fees (Dkt. 85) is **DENIED**.



DATED: December 15, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court